Mr. Eugene Schieffler, Chairman Helena-West Helena-Phillips County Port Authority 426 Plaza Street P.O. Box 2309 West Helena, Arkansas 72390
Dear Mr. Schieffler:
This is in response to a request for my review of an "Interlocal Cooperation Agreement" involving Phillips County, the Helena-West Helena-Phillips County Port Authority, and several school districts in Phillips County.
My approval of "Interlocal Cooperation Agreements" is required in certain instances under A.C.A. § 14-14-910, and for agreements entered pursuant to A.C.A. § 25-20-104. Although the agreement submitted does not indicate under which of these statutes the agreement is entered, I must note that under either of these statutes, my approval of the submitted agreement is not necessary.
The agreement is one between the county, the port authority and the school districts of the county. No state agency is a party to the agreement. If, therefore, the "Interlocal Cooperation Agreement" is entered into under the authority of A.C.A. §14-14-910, my approval is not required. See 14-14-910(e) and Op. Att'y Gen. No. 93-018 (copy enclosed).
Additionally, even if the agreement stated that it was entered into pursuant to A.C.A. §§ 25-20-101—108 ("The Interlocal Cooperation Act"), in my opinion the submitted agreement is not governed by this act. As noted in the agreement, political subdivisions are authorized to enter into agreements concerning the distribution of payments received in lieu of taxes. A.C.A. §14-164-703 (Cum. Supp. 1991). This is the purpose and nature of the agreement submitted.
The Interlocal Cooperation Act, on the other hand, authorizes agreements for "joint cooperative action" (A.C.A. §25-20-104(b)), and contemplates a "joint or cooperative undertaking," with a budget and a separate legal or administrative entity, or an administrative or joint board (A.C.A. § 25-20-104(c) and (d)). The applicable statute (14-164-703) does not, in my opinion, contemplate a joint undertaking, or a particular governmental organization to effect a joint undertaking, such as is contemplated under the Interlocal Cooperation Act. See Op. Att'y Gen. No. 92-256 (copy enclosed). Rather, A.C.A. § 14-164-703 merely states that the political subdivisions may "otherwise agree" on the distribution of payments in lieu of taxes. Such an agreement does not, however, necessarily entail an "interlocal cooperation agreement."
It is therefore my opinion that my approval of the submitted agreement is unnecessary.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosures